## BAKER, PLAINTIFF IN ERROR, v. RILEY, DEFENDANT IN ERROR.

ESTOPPEL.

Where one of two innocent parties must suffer by the wrongful act of a third, it must be he who, by his conduct or silence, enables the wrongdoer to perpetrate the fraud.

*Error to the County Court of Arapahoe County.*

Mr. O. BOWER, for plaintiff in error.

Mr. G. F. DUNKLEE and Mr. O. E. JACKSON, for defendant in error.

REED J., delivered the opinion of the court.

Plaintiff in error and one Crandall were brothers-in-law; the latter, in indigent circumstances, wanted to engage in the business of expressman, and needed a wagon which he was unable to purchase. Plaintiff, to assist him, agreed to pay for one; Crandall selected the wagon; had it painted, completed and numbered under his direction; when completed he hitched on to it and, accompanied by the seller, drove to plaintiff's place of business, where plaintiff paid for it $125, and took a bill and receipt for it in his own name. The actual possession was in Crandall, who retained it and used it

in business for several months; during that time he borrowed money from one Bean and executed a chattel mortgage upon the wagon to secure it.

In July, 1891, Crandall sold and delivered the wagon to one Orrick and left the country. Orrick shortly after sold and delivered the wagon to Riley, defendant in error. . Some days afterwards plaintiff in error asserted his title and demanded the possession. During this time Orrick, having learned of the outstanding mortgage to Bean, bought it to protect the title in Riley to whom he had sold it. Riley refusing to deliver the wagon to plaintiff, suit was brought before a justice of the peace; a trial had; an appeal taken to the county court; a trial had to the court without a jury; judgment found for the defendant, from which error was prosecuted to this court.

There are no questions of law involved except the question of estoppel, growing out of the established facts. The testimony was not conflicting to any great extent,—Crandall and other important witnesses were absent. The plaintiff established the fact of the payment of the purchase price of the wagon; also testified that he rented it to Crandall, and that he paid in small sums at different times about $27 for its use. Other witnesses established the fact that Crandall retained the possession of the wagon as the ostensible owner, claimed to be the owner, had it repaired at the shop of Orrick on two occasions as his own, paying the bills for repairs, and mortgaged it to Bean long prior to the sale of it as stated. .

Plaintiff asserted no title until after Crandall had left the country, and gave no notice of his ownership. The evidence of the defendant, to fix upon the plaintiff knowledge of the different acts of ownership exercised by Crandall, was unsatisfactory, but there was evidence of facts that would go far toward establishing the inference or a presumption that plaintiff knew that Crandall was dealing with others in regard to the wagon as with his own property. The evidence of plaintiff in regard to the renting of the wagon to Crandall was very much mixed and very unsatisfactory; he did not testify

to any contract of renting or agreement as to a price or as to terms of payment, and although he testified generally to have received $27.00 as rental, he could not give dates nor amounts of payments going to make up the aggregate. The court evidently disregarded the evidence on that point as insufficient to establish the fact of a rental, evidently thinking that the payments, if made, might with equal propriety be regarded as a part of the purchase price. The fact that there were no acts of ownership, assertion of title or notice until some days after Crandall had sold the wagon and left the country would, of necessity, greatly influence the court in arriving at a conclusion in regard to the facts. The credit to which a witness is entitled depends so much upon the character of the testimony, and the manner and bearing of the witness, that a trial court might be warranted in rejecting evidence that might be entitled to full credit when printed and presented to a court of review.

The only theory upon which the judgment can be sustained is that the conduct of plaintiff with reference to the wagon was such as to mislead in regard to the ownership and estop him from asserting his title. This view of it, under the circumstances, can be sustained upon the well-established rule of law that where one of two innocent parties must suffer by the wrongful act of a third, it must be he, who by his conduct or silence, enables the wrongdoer to perpetrate the fraud. The plaintiff's evidence to establish ownership was weak. The fact of the payment and taking a receipt was so at variance with his subsequent conduct as to be insufficient to establish the fact of continued ownership, while the evidence of the defense, in regard to sufficient knowledge on the part of plaintiff to create an estoppel, was weak and unsatisfactory.

A judgment might have been found either way with equal propriety, hence, the judgment will not be disturbed.

*Affirmed.*

BISSELL, J., dissents.